## THORNBURG v. LAWRENCE ET AL.

[No. 9,895.  Filed May 28, 1919.  Rehearing denied October 10, 1919.  Transfer denied October 15, 1920.]

1. APPEAL. — *Questions Presented.* — *Refusal of Instructions.* — *Failure of Brief to Show Exceptions Below.*—Specifications in a motion for new trial predicating error on the refusal of tendered instructions cannot be considered on appeal where appellant's brief fails to show that any exception was taken to the action of the trial court in refusing such instructions. p. 694.

2. PLEDGES.—*Pledge Securing Payment of Purchase Money.*— *Contract.*—*Construction.*—A contract for the sale of a new automobile under which the buyer agreed to pay a stipulated amount in cash, and in addition thereto to give an old car, and which further provided that, if the seller could not sell the old car for at least $200 within three months, the buyer was to pay $200 in cash and be given possession of such car, amounted to an agreement to extend to the buyer a credit for three months for the $200 balance of purchase price, during which time the seller would endeavor to sell for him the old car, and, upon failure to do so, the buyer's promise to pay the $200 became absolute, upon being given reasonable notice, and his right to repossess himself of the old car accrued only after payment or tender of that amount. p. 695.

3. SALES.—*Contract.*—*Terms.*—*Notice of Failure to Sell.*—*Time for Giving.*—Where a contract for the sale of a new automobile provided that the seller would endeavor to sell the buyer's old automobile within three months, and that upon failure to do so the buyer's liability for balance of purchase price became absolute, but fixed no time within which the seller should notify the buyer of failure to sell, notice of such fact, given to the buyer within a reasonable time after the three months allowed for sale had elapsed, would be sufficient, as time was not the essence of the contract. p. 695.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by Oliver H. Lawrence and another against Willis W. Thornburg. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Harley A. Logan,* for appellant.

*L. M. Lauer* and *J. W. Kitch,* for appellees.

ENLOE, J.—This was an action begun by appellees and against the appellant to recover money alleged to be due them upon contract.

The facts of the case as disclosed by the record, concerning which there is no controversy, and out of which the action arose are as follows: The appellees, Oliver H. and James W. Lawrence are brothers, engaged in the business of selling automobiles, at Plymouth, Indiana, under the firm name and style of Lawrence Brothers. In May, 1914, they were agents for and selling the Ford automobile, and appellant was at that time the owner of a Buick automobile. On May 29, 1914, the appellant and appellees entered into the following written contract, viz.:

"Articles of agreement entered into by and between Lawrence Bros. of Plymouth, Ind., party of the first part, and Willis Thornburg of Plymouth, Ind., party of the second part,

"Witnesseth: Party of first part agrees to sell to party of second part a Ford automobile for the consideration of $565.00. Party of second part agrees to pay $300.00 cash, and in addition thereto to give a Buick automobile valued at $265.00, which party of second part takes at that valuation. It is further agreed that in case party of first part cannot, or does not, dispose of said Buick car for at least $200.00 in three months time from date of this agreement, then party of second part shall pay to party of first part, $200.00 cash, at the expiration of said three months, and shall be given possession of said Buick car.

"Signed this 29th day of May, 1914.

"Lawrence Brothers.
"W. W. Thornburg.

"It is further agreed that should first party make any changes in the above mentioned Buick, it shall become the property of the first party.

"Lawrence Brothers."

The Buick car not having been sold within the three months specified in the contract, and the $200 not having been paid by appellant, this suit was begun in January, 1915, to collect said sum, and also to collect storage charges on said car. The cause was submitted to a jury for trial, which returned its verdict in favor of appellees in the sum of $225 and, over appellant's motion for a new trial, judgment was rendered thereon.

No question is made on this appeal as to the sufficiency of any of the pleadings, and the only error assigned and relied upon for a reversal is the alleged error of court in overruling appellant's motion for a new trial.

The causes assigned in appellant's motion for a new trial are: (1) That the verdict is not sustained by sufficient evidence; (2) that the verdict is contrary to law; (3) that the court erred in refusing to give instruction No. 2 tendered by appellant; (4) that the court erred in refusing to give instruction No. 3 tendered by appellant.

As to the third and fourth specifications in said motion, a careful reading of appellant's brief fails to disclose that any exception was taken to the action of the court in refusing to give said tendered instruction, and they are not, therefore, properly before us for our consideration.

A consideration of the first and second specifications of error in said motion involves the construction of said contract to determine whether there was any evidence to support the verdict, and whether the same was or was not contrary to law.

The appellant insists that, under the terms of the contract between the parties hereto, the payment of the

$200, and the surrender of the possession to appellant of the Buick car, were to be concurrent acts, and that therefore, before the appellees were entitled to recover, as for a breach of this contract, they must have tendered back to appellant the car in their possession at the time they demanded payment and, failing to make such offer or tender, they could not maintain their action.    As sustaining this proposition, counsel for appellant has cited numerous authorities, but an examination of them discloses that they are not in point; they are mostly cases of sales where the title of some purchased article passed from vendor to purchaser at the time of payment; but, in the instant case, the title to the Buick automobile in question did not pass and vest in the appellees at the time the Ford was purchased.    It continued at all times, so far as this record discloses, the property of the appellant, and was only to become the property of appellees in case they, appellees, should *"make any changes in the above mentioned Buick."*    We think that, under a fair interpretation of this contract, it simply amounts to an agreement to extend to appellant a credit of three months for the $200 mentioned in said contract, during which time appellees would endeavor to sell for him the Buick car in question and pay themselves from the proceeds of such sale; and, on their failure to sell said car for at least said sum within said time, then appellant's promise to pay $200 became absolute, upon his being given reasonable notice of that fact, and his right to repossess himself of said Buick, only accrued after such payment or tender by him to appellees of said sum.

The parties did not, by the terms of this contract, fix any time within which appellees should notify the appellant that they had been unable to sell and dispose of said automobile, and notice of such fact given to appellant a reasonable time after said

three months had elapsed would be sufficient, as time was not of the essence thereof. *Bruce* v. *Smith* (1873), 44 Ind. 1.

There is ample evidence in the record to support the verdict, and the court did not err in overruling the motion for a new trial. Judgment affirmed.